**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH L. THORNBURG, et al.** | § § § § § | |
| **Plaintiffs,** | § § | **CASE NO. _____** |
| **v.** | § § | **In the Court of Common Pleas for** |
| **OCWEN LOAN SERVICING, LLC,** | § § § | **Champaign County, Ohio Case No. 2014 CV 74** |
| **Defendant.** | § § § § § | |

_____

**NOTICE OF REMOVAL**
_____

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), and Litton Loan Servicing, LP ("Litton") (collectively, "Defendants"), respectfully notify this Court pursuant to 28 U.S.C. § 1441 that they have this day removed this action from the Court of Common Pleas for Champaign County, Ohio, to this Court.  Plaintiffs Deborah L. Thornburg s/k/a Debbie Wickline and Timothy Thornburg ("Plaintiffs") assert four causes of action that arise under federal law. Removal is proper because federal question jurisdiction exists in this action.  In support of removal, Defendants submit this Notice.

**<u>INTRODUCTION</u>**

1.    Plaintiffs commenced this action against Defendants and Novastar Mortgage, Inc., by filing their Complaint in the Court of Common Pleas for Champaign County, Ohio, on April 25, 2014, as case number 2014 CV 74.  Litton was served with the summons and the petition on

1

April 28, 2014.  True and correct copies of all processes, pleadings, and orders in this action to date are attached as **Exhibit A**.  These documents constitute all the pleadings filed in the state-court action.

2.      Removal of this case is timely, in accordance with 28 U.S.C. § 1446(b), because this Notice is filed within 30 days of April 28, 2014, the date when Litton received service of the summons and the petition.

## JURISDICTION

3.      This is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Defendants deny each substantive allegation made by Plaintiffs, whose complaint fails to identify a single law or legal theory under which they are suing.  However, because the claims that Plaintiffs purport to assert clearly arise under the laws of the United States, this Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

5.      On its face, Plaintiffs' petition alleges facts that invoke the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (*See* Comp., Ex. A, ¶¶ 7–14), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (*See* Comp., Ex. A, ¶¶ 15–29), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*See* Comp., Ex. A, ¶¶ 30–38). Plaintiffs also allege violations of unidentified federal regulations and consumer protection laws (*See* Comp., Ex. A, ¶ 40).

6.      To the extent that Plaintiffs' complaint invokes TILA, RESPA, the FCRA and any other unspecified federal regulations, this Court has jurisdiction under 28 U.S.C. § 1331. Actions filed in state courts that purport to state claims that arise under federal law may be removed to federal court. *See, e.g.*, *Collier v. Ocwen Loan Servicing*, No. 12-CV-2937, 2013 WL

3715699, *2 (N.D. Ohio July 15, 2013) (explaining that the court had federal question jurisdiction over RESPA and TILA claims filed in state court). Defendants deny, however, that Plaintiffs have stated a claim under any federal statute or regulation.

7.      This action is removable to this Court under 28 U.S.C. § 1441(b) without regard to the parties' citizenship because Plaintiffs could have originally filed it in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331.

<u>**VENUE**</u>

8.      Venue for removal is proper in this district under 27 U.S.C. § 1441(a) because Champaign County, Ohio—the forum in which the removed action is pending—lies within this district.

9.      Concurrently with the filing of this Notice, Defendants have filed a copy of this Notice of Removal with the Court of Common Pleas, Champaign County, Ohio.

**WHEREFORE**, Defendants respectfully submit that this Notice complies with the statutory removal requirements; that this action should proceed in this Court as a properly removed action; and that Defendants should have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC:


/s/ Benjamin D. Carnahan
BENJAMIN D. CARNAHAN (0079737)
HUNTER G. CAVELL (0090567)
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
bcarnahan@dhplaw.com
hcavell@dhplaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

A true copy of the foregoing Notice of Removal was filed via the Court's ECF system on

this 27th day of May, 2014.  Parties may access the filing via the Court's electronic filing system.

A true copy was also mailed via regular U.S. Mail, postage prepaid to Steven R. Fansler, 212 N.

Detroit Street, P.O. Box 764, West Liberty, Ohio 43357-0764, on this 27th day of May, 2014.


/s/ Benjamin D. Carnahan
BENJAMIN D. CARNAHAN (0079737)

4