# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DEBORAH L. THORNBURG,** *et al.* | : |
| Plaintiffs, | : CASE NO. 3:14-CV-00166 |
| v. | : JUDGE THOMAS M. ROSE |
| **OCWEN LOAN SERVICING, LLC,** *et al.* | : |
| Defendants. | : |

## DEFENDANT NOVASTAR MORTGAGE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Novastar Mortgage, Inc. ("Novastar") respectfully requests this Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to grant it judgment on the pleadings as to all claims asserted against Novastar by Plaintiffs Deborah and Timothy Thornburg (collectively, "Plaintiffs"). Novastar is entitled to judgment as a matter of law, because the only claim asserted by Plaintiffs against Novastar is time-barred.

A Memorandum in Support is attached and incorporated herein by reference.

Respectfully submitted,

/s/ Phillip G. Eckenrode
Phillip G. Eckenrode (0084187)
HAHN LOESER AND PARKS LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
T: 614.233.5147
F: 614.233.5194
E: peckenrode@hahnlaw.com

and

Kelly A. Kosek (0075623)
HAHN LOESER AND PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
T:	216.621.0150
F:	216.241.2824
E:	kkosek@hahnlaw.com

*Counsel for Defendant Novastar Mortgage, Inc.*

## MEMORANDUM IN SUPPORT

**I.	FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Novastar is entitled to judgment as a matter of law, and Plaintiffs' claims against Novastar should be dismissed with prejudice.  The First Cause of Action of Plaintiffs' Complaint is the only one asserted against Novastar.  (Complaint, p. 3.)  That cause of action stems from Plaintiffs' allegation that, "[o]n or about April 16, 1999, Plaintiff, Deborah L. Thornburg, then known as Debbie Wickline, procured a mortgage with Novastar Mortgage, Inc."  (*Id*., ¶ 5 and Ex. A thereto.)  Plaintiffs claim that Novastar "failed to give Plaintiff, Deborah L. Thornburg, a copy of all documents associated with the closing" at the time the underlying loan was made.  (*Id*., ¶ 9.)  Plaintiffs allege additional actions or inactions on the part of Novastar related to the closing of the original loan.  (*Id*., ¶¶ 10-14.)

Critically for purposes of this Motion, every one of the allegations made by Plaintiffs regarding Novastar are alleged to have occurred either "at the closing," "at the time of the closing," or "at the time the loan occurred."  (*Id*.)  The closing occurred on or about April 16, 1999, more than fifteen (15) years before this case was filed.  (*Id*., ¶ 5.)  The remainder of Plaintiffs' Causes of Action are directed only to Defendants Ocwen Loan Servicing, LLC and Litton Loan Servicing, L.P.  (*Id*., ¶¶ 15-40.)

6639316.1

**II.     LAW AND ARGUMENT**

For purposes of a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citation, internal quotations omitted). A Rule 12(c) motion should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id*. (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 2001)). Judgment on the pleadings is appropriate where a claim is legally barred by a statute of limitations. *See Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012) (affirming district court's granting of judgment on the pleadings on claims under the Truth In Lending Act, as claims were barred by a one-year statute of limitations); *see also* 15 U.S.C. § 1640(e) (statute of limitations for TILA claims either one year or three years from the date of occurrence).

As stated by Defendants Ocwen and Litton in their *Motion to Dismiss* [Doc. 6], Plaintiffs' First Cause of Action, without expressly citing the TILA, alleges violations of the TILA at the time of the closing, based on an alleged failure to disclose the terms of the underlying loan or provide certain information or documents to Plaintiff Deborah Thornburg. (*Compare* Complaint, ¶¶ 8-14 *with* 15 U.S.C. § 1601(a): "It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.") Although Plaintiffs' Complaint does not cite any statutes, the First Cause of Action intimates violations of the TILA by Novastar.

6639316.1

Although Novastar vehemently denies the allegations of the Complaint, even taking them as true for purposes of this Motion, Novastar is entitled to judgment as a matter of law, as the First Cause of Action is time-barred under 15 U.S.C. § 1640(e). Plaintiffs claim violations of the TILA, which they allege occurred more than *fifteen (15) years ago.* These claims are clearly barred by the statute of limitations, which is one year for damages claims and three years for rescission. 15 U.S.C. §§ 1640(e), 1635(a). Under the most liberal reading of Plaintiffs' claims against Novastar, those claims are time-barred, and Novastar is entitled to judgment on the pleadings as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Novastar Mortgage, Inc. respectfully requests this Court to grant it judgment on the pleadings as to Plaintiffs' Complaint.

                Respectfully submitted,

/s/ Phillip G. Eckenrode
Phillip G. Eckenrode (0084187)
HAHN LOESER AND PARKS LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
T:     614.233.5147
F:     614.233.5194
E.     peckenrode@hahnlaw.com

Kelly A. Kosek (0075623)
HAHN LOESER AND PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
T:     216.621.0150
F:     216.241.2824
E:     kkosek@hahnlaw.com

*Counsel for Defendant Novastar Mortgage, Inc.*

6639316.1

**CERTIFICATE OF SERVICE**

This is to certify that on this 22nd day of July, 2014, the foregoing was served via the United States District Court's ECF electronic service system upon the following:

Steven Ross Fansler
Atha, Dodge & Fansler
212 North Detroit Street
West Liberty, Ohio 43357
sfanslerlaw@ctcn.net

*Counsel for Plaintiffs*

Benjamin D. Carnahan
Dinn, Hochman & Potter, LLC
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124
bcarnahan@dhplaw.com

*Counsel for Defendants Ocwen Loan Servicing, LLC
and Litton Loan Servicing, LP*

                                        /s/ Phillip G. Eckenrode
                                        Phillip G. Eckenrode

6639316.1