**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**DEBORAH THORNBURG, et al.,**

**Plaintiffs,**

**-v-**

**OCWEN LOAN SERVICING, LLC, et al.,**

**Defendants.**

**Case No. 3:14-cv-166**

**Judge Thomas M. Rose**

---

**ENTRY AND ORDER GRANTING OCWEN'S AND LITTON'S MOTION TO DISMISS (Doc. #6); GRANTING NOVASTAR'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. #12) AND TERMINATING THIS CASE**

---

This civil action was commenced on April 25, 2014, in the Court of Common Pleas for Champaign County, Ohio. It was removed to this Court based upon this Court having federal question subject matter jurisdiction.

Plaintiffs Deborah Thornburg and Timothy Thornburg (collectively the "Thornburgs") brought the Complaint in this action against Defendants Ocwen Loan Servicing LLC ("Ocwen"), Litton Loan Servicing, LP ("Litton") and Novastar Mortgage, Inc. ("Novastar"). The Thornburgs First Cause of Action is against Litton and/or Novastar for failing to disclose certain items at a real estate closing. Although not specifically stated in the Complaint, this Cause of Action will be considered to be a violation of the Truth In Lending Act ("TILA"). The Thornburg's Second Cause of Action is against Ocwen, as servicer of the loan for the real property, for taking actions that negatively impacted the Thornburg's ability to obtain financing to meet the balloon payment on the mortgage on the real estate. Although not specifically stated in the Complaint, this Cause

of Action will be considered to be a violation of the Fair Credit Reporting Act ("FCRA"). The Thornburg's Third Cause of Action is against Ocwen for failing to produce certain documents regarding the loan for the real property. Although not specifically stated in the Complaint, this Cause of Action will be considered to be a violation of the Real Estate Settlement Procedures Act ("RESPA"). The Thornburg's Fourth Cause of Action is against Ocwen for maliciously and fraudulently making and publishing material misrepresentations. The Thornburg's Complaint does not specify the federal and/or state regulations that were violated for the Fourth Cause of Action.

Now before the Court is a Motion To Dismiss filed by Owen and Litton (doc. #6) and a Motion for Judgment On the Pleadings filed by Novastar (doc. #12). The time has run on both and the Thornburg's have not responded. Both Motions are, therefore, ripe for decision. A relevant factual background will first be set forth followed by the standard of review and an analysis of the Motions.

## RELEVANT FACTUAL BACKGROUND

The following is a summary of the facts alleged in the Thornburg's Complaint taken as true for purposes of these Motions:

Plaintiff Deborah Thornburg, formerly known as Debbie Wickline, is the owner of real estate located in St. Paris, Ohio. (Compl. ¶ 1.) Deborah Thornburg's spouse, Plaintiff Timothy Thornburg, has dower rights in and to this real estate. (Id. at ¶ 2.)

Deborah Thornburg purchased the real estate in question on or about April 16, 1999, using funds from a mortgage loan originated by Novastar. (Id. at ¶ 5.) The loan was assigned from Novastar to Litton. (Id.) Ultimately the loan was assigned to Ocwen which now purports to

be the entity responsible for servicing the loan. (Id.) The loan balloons on May 1, 2014, and Deborah Thornburg is trying to refinance her debt to meet that deadline. (Id. at ¶¶ 23 and 28; Prayer for Relief ¶¶ B and C.)

**STANDARD OF REVIEW**

Ocwen and Litton have moved to dismiss the Thornburgs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Novastar has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not like a probability requirement. *Id.* The plausibility standard seeks more than a possibility that a defendant has acted unlawfully. *Id.* Where a complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that the complainant is entitled to relief. *Id.* at 679.

When considering a 12 (b)(6) or 12(c) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Fritz*, 592 F.3d at 722. Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The motion is

granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

**ANALYSIS**

The Thornburgs bring four Causes of Action against varying Defendants. Each cause of action will be addressed seriatim.

**First Cause of Action (TILA Violation)**

TILA, 15 U.S.C. § 1601 et seq., was enacted to assure meaningful disclosure of credit terms so that consumers can more readily compare the various credit terms available and to protect the consumer from inaccurate and unfair practices. See. 15 U.S.C. § 1601(a). The TILA statute of limitations is one (1) year for damage claims and three (3) years for rescission claims. 15 U.S.C. §§ 1635(a) and 1640(e); 12 C.F.R. § 226.23(a)(3). The TILA statute of limitations "begins running on the date of the occurrence of the violation, that is, 'when lender and borrower contract for the extension of credit.'" *Ford v. New Century Mortgage Corp.*, 797 F. Supp.2d 862, 868 (N.D. Ohio 2011)(quoting *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973)).

In their First Cause of Action, the Thornburgs allege that Novastar and/or Litton failed to disclose certain items at the real estate closing. The real estate closing occurred on or about April 16, 1999. The Complaint in this matter was filed on April 25, 2014, well beyond the running of the statute of limitations for either type of claim. Therefore, since the Thornburg's First Cause of Action against Litton and/or Novastar was filed long after the running of the statute of limitations, it must be dismissed.

**Second Cause of Action (FCRA Violation)**

The FCRA, 15 U.S.C. § 1681 et seq., was enacted "to ensure fair and accurate credit

reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes certain duties on "furnishers" of credit information. 15 U.S.C. §§ 1681s-2(a) and (b). These duties fall into two (2) categories. There is a general duty to provide accurate information and duties that are triggered only after a "furnisher" receives notice from a credit reporting agency ("CRA") of a credit information dispute.

Upon notice of a dispute, the "furnisher" must: conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency; report the results of the investigation to the consumer reporting agency; report the results to all other consumer reporting agencies to which the information was furnished if the information is incomplete or inaccurate; and, if an item of information is found to be inaccurate or incomplete, either modify the item of information, delete the item of information or permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b).

In this case, the Thornburgs do not allege that any Defendant received any notice of a credit dispute from a CRA or that they ever filed a dispute with a CRA. Further, the Thornburgs do not allege that any of the Defendants wilfully or negligently failed to investigate or take appropriate action after receiving notice of a credit dispute from a CRA. Therefore, the Thornburgs Second Cause of Action does not assert the essential statutory elements and must be dismissed.

**Third Cause of Action (RESPA Violation)**

RESPA, 12 U.S.C. § 2601 et seq., was enacted to reform the real estate settlement process to "insure that consumers throughout the Nation are provided with greater and more

timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a); *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 719 (6th Cir. 2013). RESPA regulates the services that lenders provide in connection with a real estate settlement, including matters such as title searches, title insurance, preparation of documents, origination of federally subsidized mortgage loans, closing and settlement, and other such services. *Freeman v. Quicken Loans, Inc.*, 132 S. Ct. 2034, 2038 (2012).

RESPA imposes certain requirements for responding to a proper information request from a borrower termed a "qualified written request" or QWR. A QWR is defined as a "written correspondence, other than a notice on a payment coupon or other payment medium that includes, or otherwise enables the servicer to identify the name and account of the borrower and includes a statement of the reasons for the belief of the borrower that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). RESPA also provides the manner in which a loan servicer is to respond to a QWR.

Therefore, to state a plausible claim against a loan servicer for violation of this section of RESPA, a plaintiff must make allegations which, at the very least, support an inference that the loan servicer received a valid QWR and then failed to respond in accordance with the statutory requirements. A plaintiff must also indicate how he or she suffered actual damages caused by an actionable RESPA violation by a loan servicer. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp.2d 902, 911 (S.D. Ohio 2013.)

In this case, the Thornburgs allege no facts suggesting that a QWR was ever sent to or

received by Ocwen. They also fail to allege facts indicating how Ocwen failed to respond adequately to any QWR within the statutory period. They also fail to allege facts indicating how any actions or omissions by Ocwen caused them to incur damages that are recoverable under RESPA.

The Thornburgs have not alleged facts to support the basic elements of a RESPA claim. Therefore, their Third Cause of Action must be dismissed.

**Fourth Cause of Action (Violation of Unspecified State and/or Federal Regulations)**

For their Fourth Cause of Action, the Thornburgs allege that Ocwen maliciously and fraudulently made and published material misrepresentations in violation of Ohio and Federal consumer protection laws. However, they do not identify the specific laws allegedly violated. Further, these alleged violations sound in fraud and the fraud is not pled with the required particularity. Fed. R. Civ. P. 9(b).

One possibility is a claim for violation of the Ohio Consumer Sales Practices Act ("OCSPA") which covers only consumer transactions. Ohio Rev. Code § 1345.01(A). However, transactions in connection with residential mortgages, as is the case here, are not consumer transactions protected by the OCSPA. *Anderson v. Barclay's Capital Real Estate, Inc.*, 989 N.E.2d 997, 999 (Ohio 2013).

In sum, the Thornburgs' Fourth Cause of Action does not identify an Ohio or Federal statute that was violated nor does it address the operative elements of any claim under any federal or state consumer protection law. It must, therefore, be dismissed.

**SUMMARY**

The Thornburgs' First Cause of Action is dismissed because it is time-barred. The

Second, Third and Fourth Causes of Action are dismissed because they fail to plausibly assert any operative elements of any Ohio or Federal claim. Therefore, Ocwen's and Litton's Motion To Dismiss (doc. #6) and Novastar's Motion for Judgment On the Pleadings (doc. #12) are granted. The Thornburgs' Complaint is dismissed, and this case is terminated on the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Eighth Day of September, 2014.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record